IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00933-BNB

SHEILA EDWARDS,

    Plaintiff,

v.

G.R.W. CORPORATION,
LT. LARRY MILLER, and
G.R.W. MEDICAL DEPARTMENT,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 1 2006

GREGORY C. LANGHAM
             CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Sheila Edwards is incarcerated at the Brush Correctional Facility at Brush, Colorado. Ms. Edwards initiated this action by filing *pro se* a complaint alleging that her constitutional rights have been violated. On June 8, 2006, she filed an amended complaint on the proper form. The court must construe the amended complaint liberally because Ms. Edwards is representing herself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Edwards will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and finds that it is deficient because Ms. Edwards fails to allege specific facts that demonstrate how each named Defendant personally participated in the alleged violations of her constitutional rights.

Ms. Edwards complains in this action that she was assaulted by another inmate after she warned Defendant Lt. Larry Miller that she had been threatened and he refused to take any action. Ms. Edwards apparently also asserts a claim that she was denied medical treatment for the injuries she suffered when she was assaulted. Although the facts alleged in support of her claim against Defendant Miller are clear, it is not clear why Ms. Edwards is suing the other two named Defendants or how those Defendants personally participated in the alleged constitutional violations.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Edwards must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Ms. Edwards will be ordered to file a second amended complaint to clarify how each Defendant personally participated in the alleged constitutional violations. Ms. Edwards is advised that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Ms. Edwards

should name as Defendants in the second amended complaint the individuals or entities she believes actually violated her constitutional rights.

Ms. Edwards also must clarify in the second amended complaint she will be ordered to file how she has exhausted administrative remedies for each claim that she asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Ms. Edwards must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Ms. Edwards has not exhausted administrative remedies for all of the claims and issues she raises in the second amended complaint, the entire action must be dismissed.

Ms. Edwards attaches to the original complaint copies of the administrative grievances she alleges she filed. The court has reviewed those grievances and finds no mention of any claim that Ms. Edwards was denied medical treatment. Therefore, Ms. Edwards must clarify how she has exhausted administrative remedies for her claim

3

that she has been denied medical treatment if she wishes to pursue that claim in this action. Accordingly, it is

ORDERED that Ms. Edwards file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Edwards, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Ms. Edwards fails within the time allowed to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED July 11, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00933-BNB

Sheila Edwards
Prisoner No. 64901
901 Industrial Park Rd
Brush, CO 80723

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 7/11/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk