IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00933-MSK-MEH

SHEILA EDWARDS,

    Plaintiff,

v.

LT. LARRY MILLER,

    Defendant.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss **(#28)** pursuant to Fed. R. Civ. P. 12(b)(6), to which the Plaintiff responded **(#40)**[1] and the Defendant replied **(#44)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

In her Second Amended Complaint **(#10)**, the Plaintiff claims that the Defendant failed to protect her when she reported that another inmate had threatened to harm her. She alleges that after the Defendant failed to act, the other inmate attacked her by punching her several times in the head over a ten-minute period, causing her to become "incoherent." She alleges that her

---

[1] The Defendant complains that the response was untimely. However, because the Defendant has filed a reply, the Court considers the response.

injuries included damage to her forehead, two black eyes, and a bite on the right arm. She claims that since the attack, she has suffered from severe headaches which she did not previously have.

### III. Issue Presented

The Defendant moves to dismiss the Plaintiff's claim. He argues that the Plaintiff's claim is barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), because she has not alleged a physical injury. The Plaintiff opposes the motion. The issue presented is whether the Plaintiff has alleged a physical injury for purposes of the PLRA.

### IV. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the Plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). Only if the Plaintiff can allege no set of facts in support of her claims is dismissal appropriate. *See Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir. 1995).

Because the Plaintiff is *pro se*, the Court construes her complaint and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court does not serve as her advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### V. Analysis

The Defendant argues that the Plaintiff's alleged harm – which he characterizes as bruising and headaches – is a *de minimis* injury which is not sufficient to support a physical injury under 42 U.S.C. § 1997e(e). In response, the Plaintiff contends that she suffered physical injuries when she

was assaulted by the other inmate.

Under 42 U.S.C. § 1997e(e), a prisoner cannot recover compensatory relief "for mental or emotional injury suffered while in custody without a prior showing of physical injury." A physical injury need not be significant, but must be more than *de minimis*. *See Mitchell v. Horn,* 318 F.3d 523, 534-36 (3d Cir. 2003) (adopting the approach of the Fifth, Ninth, and Eleventh Circuits). Pain, standing alone, is not a physical injury. *See, e.g., Sealock v. Colorado*, 218 F.3d 1205, 1210 n.6 (10th Cir. 2000).

The Defendant has narrowly construed the Second Amended Complaint. This Court must construe it liberally. The Plaintiff claims that she was punched in the face and bitten on the arm over a 10-minute period, causing damage to her forehead and facial injuries, and that this has had a lasting effect in the form of severe headaches which she did not have before the assault. Arguably, the Plaintiff has alleged that she sustained a closed head injury. Such injury is more than *de minimis* for purposes of 42 U.S.C. § 1997e(e).

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss **(#28)** is **DENIED**.

Dated this 28th day of March, 2007

                                             **BY THE COURT:**

*Marcia S. Krieger*
                                             Marcia S. Krieger
                                             United States District Judge