IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-00933-MSK-MEH

SHEILA EDWARDS,

      Plaintiff,

v.

LT. LARRY MILLER,

      Defendant.

---

**ORDER DISMISSING PLAINTIFF'S CLAIMS, WITHOUT PREJUDICE, AND
DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

---

THIS MATTER comes before the Court on the Defendant's motion for summary judgment **(#56, #57)** filed April 5, 2007, to which the Plaintiff did not respond. Also before the Court is the Magistrate Judge's Recommendation **(#63),** issued July 26, 2007, that the Plaintiff's claims be dismissed for non-payment of the filing fee for commencement of a civil action, to which the Plaintiff did not object. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Procedural Background

In her Second Amended Complaint **(#10)**, the Plaintiff asserts constitutional tort claims against the Defendant. When she commenced this action, the Plaintiff was granted leave to proceed *in forma pauperis* **(#5)**. The Court's order granting her this status states, in pertinent

part:

> [It is ordered that . . .] Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to [28 U.S.C.] § 1915(b)(1) regardless of the outcome of this action. It is
>
> FURTHER ORDERED that the plaintiff shall pay an initial partial filing fee of $2.00.  Plaintiff shall have **thirty (30) days from the date of this order** in which to have the designated fee sent to the clerk of the court or show cause why she has no assets and no means by which to pay the designated initial partial filing fee.  In order to show cause, the plaintiff must file a current certified copy of his [sic] trust fund account statement. It is . . . .
>
> FURTHER ORDERED that, after payment of the initial partial filing fee, the plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his [sic] trust fund account or show cause each month as directed above why she has no assets and no means by which to make the monthly payment. . . . It is
>
> FURTHER ORDERED that if within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above why she has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without further notice. . . .

A few weeks thereafter, the Plaintiff paid $2.00 to the Court (**#6**) on July 6, 2006.  She made an identical payment (**#15**) on August 9, 2006.  However, she made no payments in September or October, 2006.  The Magistrate Judge then issued an order (**#34**) directing the Plaintiff to show cause why she did not make the monthly payment.  The order also stated:

> I will require plaintiff, by the 15th day of each month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of her inmate trust fund account statement for the preceding month demonstrating that she has no assets and no means by which to make the monthly payment. If plaintiff fails hereafter to

2

> comply with this requirement in any month prior to the date on
> which the filing fee is paid in full, I will recommend that the case be
> dismissed for failure to comply with this order and with the order
> allowing plaintiff to proceed in forma pauperis entered June 15,
> 2006. . . .
>
> [I]f plaintiff fails to comply with this order, the complaint
> and this civil action may be dismissed without further notice.

Two weeks later, the Plaintiff paid $2.00 (**#37**) towards the filing fee on November 29, 2006.  She made no payments in December 2006 or January and February 2007.  The Magistrate Judge then issued an order to show cause (**#51**) practically identical to the first.  Such order again advised the Plaintiff that her claims could be dismissed if she failed to pay the filing fee or otherwise show cause why she could not do so.  The Plaintiff responded (**#53**) that she was unable to pay the filing fee because she was forbidden from having employment until after March 30, 2007.

The Plaintiff has made no additional payments toward the filing fee.  On June 13, 2007, the Magistrate Judge issued a third order (**#62**) directing the Plaintiff to show cause why she had made no payments.  It is substantially identical to the first two such orders.  After the Plaintiff failed to respond to this third order to show cause, the Magistrate Judge recommended (**#63**) that the Plaintiff's claims be dismissed as a sanction due to her failure to pay the filing fee or show cause why she could not.

In addition, the Defendant has moved for summary judgment.  The Plaintiff has not opposed the motion.  The Plaintiff's last filing in this case occurred on April 18, 2007, when she responded to the Defendant's demand for a jury trial (**#61**).

### III.  Analysis

Without addressing the reasons given by the Magistrate Judge for his Recommendation, the Court finds that the Plaintiff has failed to prosecute her claims.  Therefore, pursuant to Fed. R. Civ. P. 41(b) alone, the Court dismisses her claims, without prejudice.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims are dismissed, without prejudice.  The Clerk of Court is directed to close this case.

Dated this 22nd day of October, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge